OAO91 (Rev 8/01) Criminal Complaint

United States Courts
Southern District of Texas
FILED
JUN 1 7 2008
Michael N. Milby, Clerk of Court

# UNITED STATES DISTRICT COURT

__SOUTHERN__ DISTRICT OF __TEXAS__

UNITED STATES OF AMERICA
V.
Gary Lee Dominguez

**CRIMINAL COMPLAINT**

C-08-474M

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about __June 16, 2008__ in __Nueces__ County, in the __Southern__ District of __Texas__ defendant(s) did, unlawfully possess a Ruger, model P90, .45 caliber pistol, serial number 66146458 loaded with a magazine containing seven (7) .45 caliber rounds of ammunition with no round in the chamber affecting interstate commerce. The defendant did also knowingly and intentionally possess with intent to manufacture, distribute, or dispense, a controlled substance, in Schedule II of the Controlled Substance Act of 1970, to wit; approximately 17.3 kilograms of powder cocaine.

in violation of Titles __18 & 21__ United States Code, Section(s) __922(g)(1) & 841(a)(1)__.

I further state that I am a(n) __Special Agent__ and that this complaint is based on the following facts:

(See Attached Affidavit)

Continued on the attached sheet and made a part of this complaint: ☒ Yes  ☐ No

Signature of Complainant
Michael Cardenas
Printed Name of Complainant

Sworn to before me and signed in my presence,

June 17, 2008                                           at    Corpus Christi, Texas
Date                                                           City and State

B. Janice Ellington, U.S. Magistrate Judge
Name and Title of Judicial Officer

Signature of Judicial Officer

# ATTACHMENT A

I, Michael Cardenas, being duly sworn, do hereby state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), a Division of the United States Justice Department, and have been so employed since March 4, 2007. Prior to employment with the ATF, I was employed as a United States Border Patrol Agent for 8 months. I possess a Bachelors of Science Degree in Criminal Justice with a Minor in Sociology from the University of Texas Pan-American. I am a graduate from the Federal Law Enforcement Training Center and the ATF National Academy. As a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, I am vested with the authority to investigate violations of Federal laws, including Titles 18 and 26, United States Code.

> (a.) This affidavit is in support of a criminal complaint charging Gary Lee Dominguez (hereinafter referred to as "Dominguez"), with the criminal violation set forth in Attachment A. The evidence available to me demonstrates that there is probable cause to believe that Dominguez has violated Title 21 U.S.C. § 841(a)(1) and Title 18 U.S.C 922(g)(1) which provide as follows:
>
> It shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.
>
> and
>
> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to possess a firearm.

Further, the Affiant states as follows:

1. Your affiant is familiar with the information contained in this affidavit, either through personal investigation or through discussion with other law enforcement officers, who have participated in and have contributed documentary reports of investigative efforts in this matter.

2. On June 16, 2008, Sergeant Jeff Rickel, Texas Department of Public Safety Special Crimes, contacted Special Agent Rick Miller, Bureau of Alcohol, Tobacco, Firearms, and Explosives, regarding a State Search Warrant that was going to be executed at 4226 Valley Circle, Corpus Christi, TX.

3. Sergeant Rickel informed Agent Miller that Gary Lee Dominguez had been placed under arrest and after being mirandized stated that he was currently on parole and had a firearm in the residence.

1

4. Sergeant Rickel stated that Dominguez did not want to give consent to the searching of the residence.

5. Agent Miller advised Sergeant Rickel that he and your affiant were in route to the above stated location.

6. DPS Narcotics Sergeant Paul Quintanilla advised Dominguez of his Miranda Rights at which time Dominguez waived his right and agreed to answer questions. Dominguez stated that there were approximately eleven to twelve (11-12) kilos of suspected powder cocaine in the safe that was located in the guest bedroom closet. Dominguez gave officers the combination to safe but stated they needed to wait until they had a search warrant to open it.

7. Dominguez stated there was also a .45 caliber pistol inside the night stand located in the master bedroom.

8. Dominguez stated he had approximately $40,000 in currency located inside the residence.

9. Once on scene Agent Miller and your affiant were taken to the black Lincoln Navigator, bearing paper plates, and were shown two white grocery bags containing a large amount of suspected powder cocaine.

10. Once the state search warrant was signed, Agent Miller and your affiant entered the residence and assisted in the execution of the state search warrant.

11. A search of the residence yielded approximately eleven to twelve (11-12) "bricks" of suspected powder cocaine that was located inside the safe in the guest bedroom closet.

12. Approximately two (2) "bricks" of suspected powder cocaine were located inside a kitchen drawer.

13. A scale with a spoon containing suspected powder cocaine residue was located just above the kitchen drawer inside the kitchen cabinet. A clear zip log bag was found next to the scale containing a large amount of suspected powder cocaine. Another clear zip log bag was found containing suspected powder cocaine in the same kitchen cabinet. A dietary supplement bottle was also found containing a powdery substance that was believed to be powder cocaine.

14. A Ruger, model P90, .45 caliber pistol, serial number 66146458 was located in the master bedroom night stand inside a black soft gun case containing three magazines. The Ruger firearm was determined to be loaded with a magazine containing seven (7) .45 caliber rounds of ammunition with no round in the chamber. A total of twenty (20) .45 caliber rounds were found loaded in the other magazines.

15. Two bags containing a large amount of currency were found in the master bedroom.

16. On June 17, 2008, your affiant consulted with ATF Special Agent Arnulfo Gutierrez, Corpus Christi Field Office, who is trained in determining interstate nexus of firearms. Agent Gutierrez

researched the above-listed firearm and determined that this firearm was not manufactured in the State of Texas and therefore affected interstate commerce when it arrived in the State of Texas.

17. According to the Nueces County District Clerks Office Dominguez was convicted of Possession of Marijuana, a felony, in Nueces County, TX, in 1999, cause number 99003412-A, and sentenced to two years state jail; Possession with Intent to Manufacture/Deliver a CS PG 1>=4G<200G, a first degree felony, in Nueces County, TX, in 1999, cause number 99003411-A, and sentenced to ten years Texas Department of Corrections. Dominguez stated to Agent Miller that he had been previously convicted of two felonies and served five years in the Texas Department of Corrections.

18. On June 17, 2008, field tests were performed on the suspected powder cocaine. The tests indicated presumptive positive results on cocaine.

19. On June 17, 2008, DPS lab results indicated the two white grocery bags located in the Lincoln Navigator had an approximate weight of 817grams(g). The eleven to twelve (11-12) "bricks" located in the safe had an approximate weight of 13,200g. The two (2) "bricks" located in the kitchen drawer had an approximate weight of 2,270g. The clear zip log bag located next to the scale in the kitchen cabinet had an approximate weight of 635g. The second clear zip log bag located in the same kitchen cabinet had an approximate weight of 125 grams. The dietary supplement bottle contained an approximate weight of 246g.

20. The total approximate weight of the powder cocaine found at the residence was approximately 17.3 kilograms.

21. Based on the above information, your affiant believes Gary Lee Dominguez knowingly, intentionally, and unlawfully possessed with intent to distribute a controlled substance in Schedule II, Title 21 United States Code, Section 841(a)(1), and unlawfully possessed a firearm Title 18 U.S.C. Section 922(g)(1) on June 16th, 2008, in Nueces County, Texas.

Further the Affiant sayeth naught.

Michael Cardenas, ATF Special Agent

Subscribed and sworn to before me this 17th day of June, 2008.

B. Janice Ellington
UNITED STATES MAGISTRATE JUDGE

3